UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

OWEN HARTY,

                                Plaintiff,

          - against -                               12-CV-2246 (CS)

PAR BUILDERS, INC.,                            **OPINION AND ORDER**

                                Defendant.
-------------------------------------------------------------

Appearances:

John F. Ward
Thomas B. Bacon, P.A.
Royersford, Pennsylvania

Thomas B. Bacon
Thomas B. Bacon, P.A.
Cooper City, Florida
*Counsel for Plaintiff*

Brian K. Condon
Laura M. Catina
Condon & Associates, PLLC
Nanuet, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is Plaintiff's application for attorney's fees and costs totaling $100,411.58 in connection with the above-captioned matter, (Docs. 70-73), and Defendant's request for oral argument regarding the same, (Doc. 78). For reasons set forth below, I find that Plaintiff's counsel, the law firm of Thomas B. Bacon, P.A., is entitled to fees and costs in the amount of $59,493.00, and deny Defendant's request for oral argument.

1

**I.     BACKGROUND**

On May 6, 2013, Plaintiff filed an amended complaint against Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").  (Amended Complaint ("AC"), (Doc. 38).)  Plaintiff is paralyzed from the waist down and wheelchair-bound.  (AC ¶ 1.)  Defendant "owns, leases, leases to, or operates" a Best Western hotel in Nyack, New York, the construction and accommodations of which Plaintiff alleged were not in compliance with the ADA.  (*Id*. ¶¶ 7-10.)  Throughout most of the litigation, Plaintiff was represented by John F. Ward of Royersford, Pennsylvania, and Thomas B. Bacon of Cooper City, Florida, both of the law firm Thomas B. Bacon P.A.[1]

The parties reached a settlement before Magistrate Judge Paul E. Davison on April 1, 2014, and Plaintiff's counsel filed their application for attorney's fees in connection with the case on May 1, 2014.[2]  (*See* Declaration of John F. Ward, (Doc. 70) ("Ward Decl."); Affidavit of Thomas B. Bacon, Esq., (Doc. 71) ("Bacon Aff.").)  Defendant filed opposition papers on May 22, 2014, contesting as unreasonable the $100,411.58 requested in Plaintiff's fee application.  (Declaration of Brian K. Condon in Opposition to Plaintiff's Counsel's Fee Application ("Condon Decl."), (Doc. 75); Defendant's Memorandum of Law in Opposition to Plaintiff's Counsel's Fee Application ("D's Mem."), (Doc. 76)).  Defendant challenges Plaintiff's fee application by arguing that Plaintiff's counsel's (1) requested hourly rates are too high, (2) timesheet entries are too vague, and (3) time entries are excessive for the tasks performed.  (*See* D's Mem. 7.)

---

[1] Ronald S. Moss, of Moss and Associates, P.C., represented Plaintiff when he initiated these proceedings in March 2012.  The Court permitted Mr. Moss to withdraw as counsel on June 8, 2012.  (Doc. 14.)

[2] The Court apologizes to the parties for the delay in addressing this application.  Because the application is based on various documents in support of Plaintiff's request, as opposed to a formal motion, it did not appear on the Court's ECF printout of pending motions.

II.     **DISCUSSION**

    A. <u>**Legal Standard**</u>

Under the ADA, a court may, in its discretion, award reasonable attorney's fees to the prevailing party in litigation.[3]  A plaintiff is a "prevailing party" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

Once it is determined that a party is entitled to fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In calculating a "presumptively reasonable fee,"[4] the district court must "determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." *Spalluto v. Trump Int'l Hotel & Tower*, No. 04-CV-7497, 2008 WL 4525372, at *5 (S.D.N.Y. Oct. 2, 2008) (internal quotation marks and citations omitted). In so doing, a court should consider all of the "case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including the so-called *Johnson* factors,[5] while also "bear[ing] in mind that a reasonable, paying

---

[3] "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." 42 U.S.C. § 12205.

[4] This calculation was historically referred to as the "lodestar," but the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 186, 190 (2d Cir. 2007), abandoned that term in favor of the more accurate "presumptively reasonable fee."

[5] The *Johnson* factors are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

3

client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.  The hourly rate employed should be "based on market rates in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  It is well-established that the prevailing community a district court should consider . . . is normally the district in which the court sits." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks and citation omitted).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley*, 461 U.S. at 433, and "the most critical factor in a district court's determination of what constitutes reasonable attorney's fees . . . is the degree of success obtained by the plaintiff," *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks omitted).  The court may use its discretion, based on its experience in general and with the particular case at issue, to "trim[ the] fat from a fee application." *Kirsch v. Fleet St., Ltd*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citation omitted).  A court should decrease the number of hours included in the fee calculation if the claimed time is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours." *M. Lady, LLC v. AJI, Inc.*, No. 06-CV-194, 2009 WL 1150279, at *8 (S.D.N.Y. Apr. 29, 2009) (internal quotation marks and citation omitted).

---

*Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

**B. Presumptively Reasonable Fee Analysis**

Plaintiff's posture as the prevailing party is not in dispute and, therefore, the Court will, as is customary, award Plaintiff reasonable attorney's fees under the applicable fee-shifting provision. *See Hensley*, 461 U.S. at 429 (prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust") (internal quotation marks and citations omitted). In doing so I have considered the *Johnson* factors, to the extent applicable, in order to calculate the "presumptively reasonable fee."

1. Reasonable Hourly Rate

"The fee applicant bears the burden of establishing the reasonableness of the hourly rates requested – in particular, by producing satisfactory evidence that the requested rates are in line with those prevailing in the community." *Adams v. N.Y. State Educ. Dep't*, 630 F. Supp. 2d 333, 348 (S.D.N.Y. 2009) (internal quotation marks omitted). In this case, the relevant community is the Southern District of New York. *See Reiter*, 457 F.3d at 232.

Starting first with the "most critical factor," *Barfield*, 537 F.3d at 152, the Court finds that Plaintiff achieved success in this matter, as evidenced by the parties successfully reaching a settlement, and the undisputed fact that Plaintiff is the prevailing party. Without knowing the terms of the settlement agreement, it is impossible to determine a precise degree of success, but the Court can safely assume that this is a positive settlement for Plaintiff, which factors into the Court's consideration in reviewing Plaintiff's counsel's hourly rate.

The Court turns next to counsel's experience and qualifications. Mr. Bacon requests an hourly rate of $425, citing his approximately twenty-five years as a licensed attorney and his experience litigating hundreds of Title III ADA cases throughout the country. (Reply Memorandum of Law in Support of Plaintiff's Application for Fees and Costs ("P's Rep."),

5

(Doc. 77), 3; Bacon Aff. ¶¶ 1-2.)  Mr. Ward, too, requests an hourly rate of $425, citing his more than seventeen years as a licensed attorney and his handling of more than sixty Title III ADA cases before "numerous Federal District Courts."[6]  (P's Rep. 4; Ward Decl. ¶ 8.)  The Court looks to rates charged by and awarded to similar practitioners in the Southern District of New York to arrive at a reasonable hourly rate for Plaintiff's counsel.

In support of their requested hourly rates, Plaintiff's counsel cites cases from 2007 to 2014 in which experienced civil rights attorneys were awarded rates ranging from $375 to $450 per hour, (P's Rep. 2-3), including a 2010 Report and Recommendation by Magistrate Judge Lisa Smith adopted by the District Court in its entirety, *Manson v. Friedberg*, No. 08-CV-3890, 2013 WL 2896971 (S.D.N.Y. June 13, 2013).  *Manson* catalogues court-approved attorney rates for experienced civil rights attorneys that "ranged from $250 to $600" between 2000 and 2010.  *Id.* at *10.

Defendant, basing its argument on cases awarding rates ranging from $250 to $390 per hour, submits that the rate awarded here should not exceed $300 per hour.  (D's Mem. 7-8.) Many of the cases cited by Defendant, however, are from 2000 and 2001.  Adjusting for inflation, $300 in 2001 is equivalent to $401.02 in 2014.[7]  *See Yea Kim v. 167 Nail Plaza, Inc.*, No. 05-CV-8560, 2009 WL 77876, at *8 (S.D.N.Y. Jan. 12, 2009) (applying a "standard inflation factor" to hourly rates as supplied by the Bureau of Labor Statistics).  Likewise, an hourly rate of $250 in 2000 is equivalent to approximately $343.69 per hour in 2014, and an hourly rate of $390 in 2001 is equivalent to $521.33 per hour in 2014.

---

[6] Other than one sentence in Mr. Ward's declaration that, "My hourly rate for the years 2012, 2013 and 2014 is $425," (Ward Decl. ¶ 4), neither Mr. Bacon nor Mr. Ward provide evidence that they were paid at that rate, in any judicial district, in the past.

[7] *See CPI Inflation Calculator*, U.S. Dep't Lab., Bureau Lab. Stat., http://www.bls.gov/data/inflation_calculator.htm (last visited Feb. 10, 2016).

After carefully considering the Parties' arguments and the case-specific factors set forth above, the Court finds that Mr. Bacon and Mr. Ward, two attorneys with comparable experience (25 and 17 years, respectively, specializing in civil rights litigation), should receive attorney's fees for this case at the reasonable hourly rate of $375.00. The factors considered included, among others, Plaintiff's success in this litigation, the hourly rates received by other attorneys in this district bringing comparable claims with comparable experience and qualifications, *see Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-7592, 2013 WL 3965247, at *2 (S.D.N.Y. July 31, 2013) ("In the Southern District of New York, the customary rate for experienced litigators representing clients in ADA matters ranges from $350 to $375 per hour."); *Margolies v. Cty. of Putnum N.Y.*, No. 09-CV-2061, 2011 WL 721698, at *3 (S.D.N.Y. Feb. 23, 2011) (award of $250 per hour where civil rights case was "not unusually complex"); *Manson*, 2013 WL 2896971, at *10 (collecting cases awarding $250 to $600 per hour for experienced civil rights attorneys, and awarding $375 per hour), counsel's expertise in this area, and the case's want of novel and/or complex issues, *see Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC*, 688 F. Supp. 2d 216, 226 (W.D.N.Y. 2010) (declining to go above standard hourly rate in that district where "subject matter of [the] case [was] not particularly novel or complex").

2. Hours "Reasonably Expended"

Plaintiff bears "the burden of establishing entitlement to an award and documenting the appropriate hours expended . . . . The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437 (internal citations omitted). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Flores v. J & B Club House Tavern,*

7

*Inc.*, No. 10-CV-4332, 2012 WL 4891888, at *5 (S.D.N.Y. Oct. 16, 2012) (internal quotation marks and citation omitted). Hours not "reasonably expended" are excluded from the fee calculation. *See Hensley*, 461 U.S. at 434.

### a. Billing Entry Descriptions

First, Defendant argues that Plaintiff's counsel's timesheet entries are excessively vague. (D's Mem. 8-12.) I disagree that the records provide insufficient information as to the work performed. Although the individual entries Defendant highlights may appear vague when taken out of context, (*see* D's Mem. 10-11), I find many of them sufficiently descriptive when viewed alongside other entries from the same day or time period. For example, "review partial case file" from June 19, 2012, may seem vague by itself, but it is sufficiently clear in the context of the entire invoice that Mr. Ward had just been assigned to the matter and, thus, would have been reviewing the file to familiarize himself with the facts of the case. (Ward Decl. Ex. 1, at 1.) Counsel's contemporaneous records "specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsh*, 148 F.3d at 173. Accordingly, I will not reduce the number of hours billed on account of vagueness alone.

### b. Hours Expended

Second, Defendant argues that Plaintiff's counsel's time entries are excessive given the tasks performed. (D's Mem. 12-14.) In particular, Defendant argues that the 25 hours billed by Mr. Ward for drafting and researching Plaintiff's memorandum of law in support of his motion for summary judgment ("MSJ"), (Doc. 55), is excessive given its "carbon copy" resemblance to three previously filed MSJs in unrelated cases,[8] (D's Mem. 12; Condon Decl. Exs. B-D). A

---

[8] The 25 hours billed on August 26-29, 2013, do not include the hours Mr. Ward billed for preparing the MSJ exhibits on June 18, 2013.

8

review of those previously filed MSJs reveals that but for each case's individual facts (which consume approximately 4 of 19, or more, pages), and various non-substantive changes, they are largely identical. Plaintiff's counsel's argument that Mr. Ward required 25 hours to draft and research the MSJ for this case, (Ward Decl. Ex. 1., at 7-8; P's Rep. 6-7) – which replicates the language, supporting authority and organization of previously filed motions – is undermined by their arguments highlighting Mr. Ward's experience and skill in support of his requested hourly rate. Mr. Ward cannot have it both ways. In light of Mr. Ward's emphasis on, among other things, his experience "handl[ing] more than 60 similar Title III ADA actions on behalf of various plaintiffs in numerous Federal District Courts," (Ward Decl. ¶ 8), 25 hours is an unreasonable amount of time to spend researching and drafting the MSJ in question. Mr. Ward's minor alterations to previous iterations of Plaintiff's MSJ should not require anywhere near 25 hours of billable work from an experienced ADA attorney (or perhaps any attorney). Accordingly, I will, in my discretion, deduct 22 hours and reduce the compensable time spent researching and drafting Plaintiff's MSJ to 3 hours. *See M. Lady, LLC*, 2009 WL 1150279, at *8 ("If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours . . . .").

Mr. Ward also billed 25.3 hours for researching and drafting Plaintiff's reply memorandum in support of his MSJ, (Doc. 56).[9] After reviewing that document and Defendant's opposition to Plaintiff's MSJ, I conclude that, based on the lack of complexity and/or novel issues raised in both Defendant's opposition and the case generally, Plaintiff's reply should not have required 25.3 hours of billable work by an attorney as experienced as Mr. Ward. Accordingly – and in light of the other case-specific factors discussed above, all of which I have

---

[9] (*See* Ward Decl. Ex. 1, at 8-9.)

considered – I will, in my discretion, deduct 7 hours and reduce the compensable time spent researching and drafting Plaintiff's reply memorandum to 18.3 hours.

Defendant also disputes 16.7 hours billed by Mr. Ward for conferencing with his co-counsel Mr. Bacon, and 7.8 hours billed by Mr. Ward for completion of ministerial tasks. (D's Mem. 4.) Defendant does not provide the specific dates and hours it used to arrive at these totals. Mr. Ward filed his initial notice to appear *pro hac vice* on July 2, 2012, (Doc. 17), and his reply memorandum in support of the present fee application on May 29, 2014, (Doc. 77), and has therefore been counsel of record for Plaintiff for nearly two years. After my own review of Mr. Ward's invoice, and taking into account the case-specific factors discussed above, and I find that 16.7 hours billed for conferring with co-counsel is reasonable over the course of a nearly two-year litigation, and will therefore not deduct those hours billed.

With respect to the 7.8 hours billed by Mr. Ward for ministerial tasks, I agree that Mr. Ward billed for non-legal or ministerial tasks that need not be performed by – or billed at the rate of – a lawyer with Mr. Ward's experience. *See Osterweil v. Bartlett*, No. 09-CV-825, 2015 WL 1066404, at *16 (N.D.N.Y. Mar. 11, 2015) (reducing hourly rate for non-legal clerical tasks). For example, the two hours billed on October 15, 2013, for "[a]ssemble motion, briefs and exhibits for filing" and "[f]ile MSJ, supporting exhibits, memorandum of law, reply memorandum of law"; the one hour billed on August 29, 2013, for "[p]repare & mail MSJ packages to OC, Court"; and various other time entries for "make calendar entries," (Ward Decl. Ex. 1), all reflect clerical and non-legal tasks. I further agree, after my review of Mr. Ward's invoice, that Defendant's 7.8-hour approximation is a reasonable hourly assessment of the non-legal, clerical tasks performed by Plaintiff's counsel. Accordingly, I will apply a reasonable paralegal rate of $100 per hour to the 7.8 hours spent making calendar entries, preparing

mailings, and completing other such tasks. *See Spalluto*, 2008 WL 4525372, at *14 (collecting cases and finding the "market value for paralegals' time ranges from $50 to $150 per hour" in the Southern District of New York).[10]

Further, it appears Mr. Ward billed approximately 13.7 hours for preparation of his and Mr. Bacon's *pro hac vice* motions and Plaintiff's request to vacate the August 2012 dismissal of this case.[11] "It is within the Court's discretion whether to award attorney's fees for a *pro hac vice* motion." *Access 4 All, Inc. v. 135 W. Sunrise Realty Corp.*, No. 06-CV-5487, 2008 WL 4453221, at *11 (E.D.N.Y. Sept. 30, 2008). Despite Mr. Ward's and Mr. Bacon's experience litigating cases in other jurisdictions, the record reflects that the admission process for Mr. Ward took several tries over approximately three months due to his failure to follow the Court's published procedures. Mr. Bacon's *pro hac vice* filing, submitted a full year later, was also deficient and required correction.[12] (Docs. 45-48.) Moreover, the decision not to use counsel already admitted in this District was entirely up to Plaintiff, and Defendant need not pay for that choice. Accordingly, I will, in my discretion, deduct those 13.7 hours from the total attorney

---

[10] Hourly rates of $50 to $100 per hour in 2008 are equivalent to $54.98 to $109.95 per hour in 2014. *See CPI Inflation Calculator*, U.S. Dep't Lab., Bureau Lab. Stat., http://www.bls.gov/data/inflation_calculator.htm (last visited Feb. 10, 2016).

[11] The dismissal of Plaintiff's case on August 13, 2012 was occasioned by Mr. Ward's lack of attentiveness to the case's docket. (*See* Doc. 22.) In response to Mr. Ward's August 15, 2012 letter requesting that I vacate dismissal of the case, I wrote: "Mr. Ward was diligent in requesting information about the proper procedure to request an adjournment. He was not diligent about: (1) ascertaining [that] the requested adjournment was granted (it was not, because I never got the request to my memory); or (2) ascertaining that the requirements for *pro hac vice* admission were met." (*Id.*) Defendant will not be forced to compensate Mr. Ward for his lack of diligence. It is also hard to imagine why even the repeated attempts at *pro hac vice* admission consumed so many hours.

[12] Mr. Ward billed for a total of 0.7 hours spent on "TBB application" in July 2012, even though Mr. Bacon's application was not filed until July 2013, (Doc. 45). Mr. Ward also billed 0.2 hours for "Review DE #50 & order granting PHV motion by TBB" on July 30, 2013. (Ward Decl. Ex. 1.) Though the question of why Mr. Ward – assuming he was keeping contemporaneous time records – would wait an entire year to file Mr. Bacon's application after its preparation leaves the Court nonplussed, I assume the hours billed in 2012 resulted from clerical error, and should have instead been billed in July 2013.

11

hours.[13] *See Access 4 All, Inc.*, 2008 WL 4453221, at *11. I will also deduct the $400 billed by Mr. Bacon for his and Mr. Ward's *pro hac vice* fees. (Bacon Aff. Ex. 1, at 3.)

c. Travel Fees and Costs

Finally, Defendant argues that Plaintiff's counsel are not entitled to reimbursement for travel time and expenses given that Plaintiff could have obtained New York-based representation. (D's Mem. 14-15.) "[E]xpenses and fees related to travel must be excluded from an award of attorneys' fees if 'the hypothetical reasonable client who wishes to spend the least amount necessary to litigate the matter . . . would have retained local counsel.'" *U.S. ex rel. Feldman v. Van Gorp*, No. 03-CV-8135, 2011 WL 651829, at *3 (S.D.N.Y. Feb. 9, 2011) (quoting *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08-CV-5458, 2009 WL 2482134, at *8 (S.D.N.Y. Aug. 13, 2009)). This is a corollary to the "forum rule" that the reasonable hourly rate is derived from the forum in which the Court sits. *Harty v. Bull's Head Realty*, No. 11-CV-1760, 2015 WL 1064630, at *12 (D. Conn. Mar. 11, 2015) (order for attorney's fees involving the same plaintiff and attorneys as the instant case).

Defendant argues that it should not have to pay for Plaintiff's requested 28.9 total hours of travel time. (D's Mem. 4.) Defendant bases this number on Mr. Ward's time entries for travel on February 21, 2014 and April 1, 2014, (Ward Decl. Ex. 1, at 9), totaling 15.3 hours, and Mr. Bacon's time entries for travel on September 3 and 8, 2013, (Bacon Aff., Ex. 1, at 2), totaling 13.6 hours. Plaintiff does not argue that equally qualified local counsel was unavailable, and offers no legitimate reason why he declined to hire local counsel as opposed to counsel based in Florida and Pennsylvania. A reasonable client would not choose to pay travel fees and expenses

---

[13] As a general matter, the preparation and filing of *pro hac vice* motions are non-legal clerical tasks for which billing at an experienced attorney's hourly rate – as Plaintiff's counsel did here – is inappropriate. *See Osterweil*, 2015 WL 1066404, at *16.

for an out-of-state attorney while still paying a presumably higher hourly rate based on the Southern District of New York market, with equally competent local counsel available. Plaintiff's counsel should therefore not be compensated for their travel time and expenses in litigating this case.

Accordingly, assuming a six-hour round trip from Royersford, Pennsylvania to the federal courthouse in White Plains, New York,[14] I will use my discretion to deduct 12 total hours of Mr. Ward's travel time on February 21, 2014 and April 1, 2014. (Ward Decl. Ex. 1, at 9.) Because Mr. Ward's time entries for attending court proceedings on those dates are block-billed together with his travel from Pennsylvania to New York, I will assume that the remaining 3.3 hours were spent at the bench ruling and settlement conference on those dates. I will also deduct Mr. Bacon's 13.6 hours of travel time on September 3 and 8, 2013. (Bacon Aff. Ex. 1, at 2.) This accounts for Mr. Bacon's traveling "from Florida to New York to meet with Plaintiff and visit the subject property," and to attend Plaintiff's deposition. (P's Rep. 8.) As a result, I deduct a total of 25.6 attorney hours from the final fee calculation. Likewise, I will deduct all travel-related costs, such as transportation and hotel expenses, for an additional deduction of $1,686.08.[15]

---

[14] The six-hour roundtrip travel time from Mr. Ward's office to the federal courthouse in White Plains, New York is based on Mr. Ward's assertion to that effect in his letter opposing Defendant's request for oral argument on the present application. (Doc. 79.)

[15] This total includes: $269.00 (Bacon hotel), $583.00 (Bacon flight), $338.00 (Bacon rental car), $135.00 (Bacon gas and tolls), and $361.08 (Ward mileage and parking). (Bacon Aff. Ex. 1, at 3; Ward Decl. Ex. 1, at 10.)

13

### C. **Plaintiff's Reasonable Fees and Costs**

<u>Attorney's Fees</u>
*Hours:*
Requested                          221.5 hours[16]

Reductions                         22 hours (MSJ)

                                      7 (reply memorandum)

                                      7.8 hours (other ministerial tasks – preparing calendar entries, assembling and mailing documents)

                                      13.7 hours (*pro hac vice* applications and related corrections)

                                      25.6 hours (travel)

Awarded                            145.4 hours

*Hourly Rate:*
Requested                          $425/hour

Awarded                            $375/hour

*Total Attorney's Fees:*
Requested                          $94,137.50[17]

**Awarded**                        **$54,525.00**

<u>Paralegal Fees</u>
Hours:                             7.8 hours

Hourly Rate:                       $100/hour

**Awarded**                        **$780.00**

<u>Attorney Travel Costs</u>
Requested                          $1,686.08

---

[16] Calculated by adding the total attorney hours accounted for by Mr. Bacon, 59.8, (Bacon Aff. Ex. 1, at 2), to the total attorney hours accounted for by Mr. Ward, 161.7, (Ward Decl. Ex. 1, at 10).

[17] Calculated by adding the total compensable time requested by Mr. Bacon, $25,415.00, (Bacon Aff. Ex. 1, at 2), to the total compensable time requested by Mr. Ward, $68,722.50, (Ward Decl. Ex. 1, at 10).

| | |
|---|---|
| **Awarded** | **$00.00** |
| Expert Fees | |
| Requested | $3,614.00 |
| **Awarded** | **$3,614.00**[18] |
| Other Costs | |
| Requested | $974.00 |
| Reductions | $400.00 (*pro hac vice* fees) |
| **Awarded** | **$574.00**[19] |
| **Total Fees and Costs** | |
| Requested | $100,411.58 |
| **Awarded** | **$59,493.00** |

### III. Conclusion

Thus, for reasons stated above, Thomas B. Bacon, P.A. is entitled to fees and costs in the amount of $59,493.00 for its work on this case. Defendant's request for oral argument, (Doc. 78), is denied. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: February 16, 2016
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[18] This figure includes both the $2,864.00 for expert fees requested by Mr. Ward, (Ward Decl. Ex. 1, at 10), and the $750.00 requested by Mr. Ward for a reinspection fee, (*id.* at 11). Neither fee is disputed by Defendant.

[19] This figure represents the non-travel related costs requested by Mr. Bacon totaling $574.00 ($350.00 for filing fees, $135.00 for service of process and $89.00 for a Kinko's bill). (Bacon Aff. Ex. 1, at 3.)